122 F.3d 1075
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Danilo E. ORTEGA, Defendant-Appellant.
 No. 97-50030.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 25, 1997.**
Decided Aug. 28, 1997.
 
 Appeal from the United States District Court for the Central District of California Manuel L. Real, District Judge, Presiding
 Before: SCHROEDER, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Danilo E. Ortega appeals the 33-month sentence imposed upon his guilty plea conviction for conspiring to launder monetary instruments in violation of 18 U.S.C. § 1956(a)(1)(B)(i). Ortega contends the district court erred by denying him a two level sentence reduction under U.S.S.G. § 3B1.2 for his minor role in the conspiracy because he was merely a conduit for narcotics proceeds. We reject this contention and affirm.
 
 
 3
 A district court's finding that a defendant does not qualify for minor or minimal participant status is heavily dependent on the facts of the particular case, and we uphold such a finding unless it is clearly erroneous. See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994). "The defendant has the burden of proving that he is entitled to a downward adjustment based on his role in the offense by a preponderance of the evidence." Id. "Moreover, this court has consistently stated that a downward adjustment under section 3B1.2 is to be used infrequently and only in exceptional circumstances." Id. "Just because a defendant may be less culpable than other participants in an offense, he is not necessarily entitled to a minimal or minor role adjustment under section 3B1.2." Id. at 1435.
 
 
 4
 Here, the record indicates that between October 1993 and May 1994, Ortega received cash payments from a courier which totaled more than $120,000, and laundered the cash by purchasing cashier's checks. Ortega argues that he was kept in the dark and did not know he was part of a large scale drug conspiracy because he believed he was helping launder money from illegal construction contracts in Mexico. The district court determined Ortega was not a minor participant because he interfaced directly between a member of the conspiracy and the banks. In these circumstances, we conclude the district court did not clearly err by denying Ortega a sentence reduction as a minor participant. See id. at 1436-37
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3